LAVIGNE *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—BILL OF EXCEPTIONS—PRACTICE—MANDAMUS. Where relator's petition for mandamus represented that a transcript of testimony was delivered to relator's attorney in September, 1915, when he was sick, and that the judge, who was not a regular incumbent of that circuit, had not sat as circuit judge for the trial of causes since a date specified, that was in fact incorrect, and where relator claimed that he obtained a stay and stipulation extending the time to settle a bill of exceptions, but did not serve a proposed record until the fifth month thereafter, with notice of settlement thirty days later, and a motion to extend the time was denied because untimely made, the refusal of the application was not reversible in a mandamus proceeding, and the order did not constitute an abuse of the judge's discretion.

Mandamus by Joseph P. Lavigne against Joseph Barton, judge of the twenty-seventh judicial circuit, acting in Wayne county, to compel respondent to show cause why an order extending the time for settling the bill of exceptions in the case of Edward C. Nagel against Joseph P. Lavigne should not be granted. Submitted September 19, 1916. (Calendar No. 27,386.) Writ denied September 27, 1916.

*M. N. Mendelsohn,* for relator.

*Corliss, Leete & Moody,* for respondent.

PER CURIAM. In the cause *Edward C. Nagel* v. *Joseph P. Lavigne,* in the Wayne county circuit court, on trial before Hon. Joseph Barton, circuit judge of the Twenty-Seventh judicial circuit, a verdict for plaintiff was directed June 25, 1915, and judgment was entered on the verdict July 7, 1915. The defendant, who was represented by Moloney & Mendelsohn,

filed a bond August 6, 1915, and an order staying proceedings was entered August 17, 1915, which was followed August 21, 1915, by a stipulation of counsel, pursuant to which an order was made extending until September 15, 1915, the time to settle a bill of exceptions. No bill of exceptions was served upon plaintiff's attorneys until February 21, 1916, when with the proposed bill there was served a notice of settlement on March 21, 1916. The bill was returned, plaintiff's attorneys declining to accept it. Before said proposed bill of exceptions was filed, notice had been given to the attorneys for defendant of a motion to vacate the order of August 21, 1915, staying proceedings. Meantime, in October, 1915, one of the attorneys for plaintiff, by telephone, told Mr. Moloney, one of the attorneys for defendant, in substance, that if an appeal was to be taken plaintiff desired the cause heard at the January, 1916, term of the Supreme Court and was told by Mr. Moloney that the bill of exceptions was prepared and would be served on that day or the next. There was no other communication of counsel about the matter. In May, 1916, a motion was made by defendant to extend the time to settle a bill of exceptions. It was opposed. Coming on to be heard before Judge Barton, on May 13, 1916, the motion was denied. On application to this court an order to show cause why the motion should not be granted was made. The return to the order is before the court. It appears therefrom that Judge Barton sat as judge in the circuit court for Wayne county September 21st to 25th, inclusive, September 27th to 30th, inclusive, 20 days in October, 21 days in November, and 4 days in December, 1915, 21 days in January, 1916, and, for the purpose of hearing motions, March 18, 1916. Of the last-mentioned date due notice was given.

The petition for the order to show cause states that

the transcript of testimony was delivered to Mr. Moloney September 17, 1915, but that he, who had principal charge of the case, was ill and, under medical advice, gave up all work in October and left Detroit for two weeks in the pursuit of health, and from the time of his return, "owing to his physical condition, has been unable to do any trial work and practically no office work."

It is further stated in the petition for the order to show cause, and was a material allegation of fact considered when the order to show cause was granted, that Judge Barton "has not sat as a circuit judge for the trial of causes in circuit court for the county of Wayne since the end of June, 1915," except on March 18, 1916, at which last-mentioned date Mr. Moloney was absent from the city of Detroit. Of this statement it is said in the brief:

"Had it not been for the illness of John E. Moloney, the attorney in charge, unquestionably the bill of exceptions would have been submitted long before February, 1916, and when relator made the statement in his petition that the said respondent, Judge Barton, had not been in the city of Detroit since the trial of said cause until May 13, 1916, with the exception of March 18th of the same year, it was not his intent to deceive this court, but to say that the said Judge Barton had not acted as Wayne county circuit judge from February 21, 1916, this being the first time that we had the slightest intimation that there would be any objection upon the part of counsel for the plaintiff to the acceptance of the proposed bill of exceptions until May 13, 1916, with the exception of the day in March at which time said John E. Moloney was absent from the city."

But the statement did deceive the court, since it indicated that there had been no opportunity to apply to the trial judge for an order extending the time to settle a bill of exceptions and no opportunity to settle the bill. Otherwise than this the showing made in

the court below and here is insufficient to warrant an extension of the time. A motion to extend the time on account of illness of one of plaintiff's attorneys, seasonably made, would have permitted an investigation of the fact of illness, and whether the fact, if established, or admitted, was a sufficient reason, other circumstances considered, for an extension of time.

There has been no abuse of discretion, and the writ is denied, with costs to the plaintiff in the original cause.